UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE OHIO CASUALTY INSURANCE
COMPANY,

                Plaintiff,

                -against-

PRECISION MECHANICAL HVAC CORP.,
DAVID LEBOWITZ, and RIVKA LEBOWITZ,

                Defendants.

PRECISION MECHANICAL HVAC CORP.,
DAVID LEBOWITZ, and RIVKA LEBOWITZ,

                Third-Party Plaintiffs,

                -against-

TNF CONTRACTORS, LLC, THOMAS J.
FATTORUSSO, and NAIDA CASTILLO-
FATTORUSSO,

                Third-Party Defendants.

**ORDER**

24-CV-09192 (PMH)

PHILIP M. HALPERN, United States District Judge:

On December 3, 2025, after the first-party plaintiffs advised that they had reached a settlement, the Court issued an order directing the third-party plaintiffs to file a letter by December 19, 2025 explaining, in light of dismissal of the first-party action, the basis for and propriety of: (1) a default judgment on the claims alleged in the third party complaint which seek contribution and indemnity in the event that third party plaintiffs are found liable for damages in the first party action; and (2) the Court's exercise of subject matter jurisdiction over the claims in the third party complaint. (Doc. 55). No such letter was filed by the deadline. The Court noted that failure in a January 5, 2026 order. (Doc. 56). On January 20, 2026, the Court so-ordered a stipulation discontinuing the first-party action. (Doc. 60). The Court also entered an order directing the third-

party plaintiffs to comply with the December 3, 2025 order by January 27, 2026. (Doc. 59). The Court warned the third-party plaintiffs that continued failure to comply with the Court's orders would result in dismissal of the third-party action. (*Id.*). The third-party plaintiffs have continued to disregard the Court's orders.

The third-party complaint—the only operative pleading now before the Court—does not purport to allege that this Court has independent subject matter jurisdiction over the claims alleged therein. (*See* Doc. 33). Third-party plaintiffs bring claims of common law contribution "in accordance with the laws of the State of New York" and for contractual or common law indemnification. (*Id*. ¶¶ 16-28). There is no federal question presented. With respect to diversity, third-party plaintiffs are alleged to be citizens of New York (*id.* ¶¶ 1-3), and the two individual third-party defendants, Thomas J. Fattorusso and Naida Castillo-Fattorusso, are alleged to be citizens of New Jersey (*id.* ¶¶ 5-6); but the citizenship of third-party defendant TNF Contractors, LLC has not been alleged at all, as the citizenship of its members has not been identified (*id.* ¶ 4). *See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (an LLC's citizenship is derived from the citizenship of its constituent members). Nor have third-party plaintiffs pled the amount in controversy, let alone sufficient facts to enable the Court to determine whether the $75,000 threshold may be met. The Court has given third-party plaintiffs multiple opportunities to address this issue and they have declined to do so. Simply put, in the absence of any evidence to the contrary, the Court's exercise of subject matter jurisdiction over the third-party complaint was purely supplemental to its exercise of original jurisdiction over the first-party action, which has now been resolved entirely. (*See* Doc. 60).

"The decision whether to exercise supplemental jurisdiction is entirely within the court's 'discretion and is not a litigant's right." *Great Am. Ins. Co. v. Dorchester L.L.C.*, No. 14-CV-05475,

2016 WL 11757365, at *1 (S.D.N.Y. Aug. 31, 2016) (internal quotation marks omitted). "A district court's decision whether to exercise jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Id.* (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (cleaned up)).

With all claims over which this Court had original jurisdiction having been settled and dismissed, the Court declines to exercise supplemental jurisdiction over the third-party complaint. *See* 28 U.S.C. § 1367(c)(3). Dispositive briefing has not commenced in the third-party action; indeed, third-party defendants have not even appeared in this action. There is no reason to believe that the third-party plaintiffs will face any undue hardship by being forced to re-file in state court, should they so choose. *Dorchester L.L.C.*, 2016 WL 11757365, at *1 (declining to exercise supplemental jurisdiction over third-party action after having dismissed all claims over which it had original jurisdiction).

Accordingly, the third-party complaint is dismissed without prejudice to re-filing in the proper forum.

The Clerk of Court is respectfully requested to close this case.


SO ORDERED:

Dated: White Plains, New York
February 3, 2026

_____
Hon. Philip M. Halpern
United States District Judge